UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND                    Case No. 10-14899
AGRICULTURAL IMPLEMENT WORKERS OF
AMERICA (UAW), AND ITS LOCAL 1869,           Honorable John Corbett O'Meara

      Plaintiffs,

v.

GENERAL MOTORS, L.L.C.,

      Defendant.
                                         /

## OPINION AND ORDER
## DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the court on the parties' cross motions for summary judgment. The issues were fully briefed, and the court heard oral argument May 3, 2012. For the reasons set forth below, the court will deny Plaintiffs' motion and grant Defendant's motion.

## BACKGROUND FACTS

Plaintiffs International UAW and UAW Local 1860 represent salaried employees working in the defendant General Motors' Design Center Surface Product Engineering Department ("SPE"). On September 14, 2009, GM permanently reduced in force six bargaining unit employees in the SPE. The 2007 Local Agreement between GM and Local 1869 governed the terminations. Plaintiffs allege that the Agreement required that employees would be laid off in reverse order of their seniority date within the SPE, provided the employees retained were capable of doing the work. The six employees terminated were not the six least senior employees in the SPE, and Plaintiffs claim they were "capable of doing the work." GM contends they were not. Grievances were filed

over the termination of the six[1], and an arbitrator found that the grievances were not arbitrable; therefore, this action was filed in federal court.

Subsequent to the terminations, GM hired a number of employees into the SPE without recalling the terminated employees. Plaintiffs allege that the failure to recall them is a separate and distinct violation of the Agreement.

Two of the five remaining former employees entered into severance agreements upon leaving GM. Both received consideration for releasing GM from liability and waiving any right to sue. Plaintiffs allege that the severance agreements cover only the employees' termination, not their alleged right to be recalled.

## **LAW AND ANALYSIS**

Under the Agreement, each SPE bargaining unit employee is placed into one of three subgroups: "A" is designated as "expert, "B" is designated "proficient" and "C" is designated "novice." All of the employees upon whose behalf this action was filed were in subgroup C. A substantial part of the work required in the group is performed by those in subgroups A and B. A GM supervisor has testified that novice-level work comprises only about five percent of the work in SPE. Although the employees had a right to file a grievance challenging their placement in subgroup C, none of them did.

The parties agree that because of GM's reorganization in 2009, a reduction in force was required. As a result of the company's restructuring, GM determined that all of the novice work done by subgroup C could be handled by those in subgroups A and B, and the SPE department

---

[1]Kevin Howell, one of the six employees, has informed Local 1869 that he does not want to be part of this lawsuit. He is currently a GM employee.

eliminated any positions comprised substantially or predominately of novice-level tasks. GM contends that although it was able to maintain a group of employees who performed primarily novice-level work prior to September 2009, the department was unable to maintain such a group thereafter.

Under Paragraphs 9-11 of the Agreement,

> (9) [I]f it becomes necessary to further layoff employees from the occupation group, they will be laid off in the reverse order of their layoff and recall date provided those employees retained are capable of doing the work.
>
> (10) Employees laid off in accordance with Paragraph (9) will be recalled in the reverse order of layoff provided they are capable of doing the work.
>
> (11) The term 'capable of doing' as included in Paragraph (9) and (10) means more than capable of learning. It means capable of demonstrating good competent performance, which, when necessary, would include some training, but without such prolonged or detailed training as to burden the Corporation or cause undue loss of efficiency.

The issue here is whether these employees are "capable of doing the work." GM contends they are not because all of the pre-2009 novice-level work, which was allegedly only five percent of the SPE work, has been rolled into the work done by subgroups A and B. Therefore, there are no more employees in subgroup C. GM asserts that under the management rights clause of the CBA, the company retains the right to determine what kind of work has to be done and how that work should be designated.

Plaintiffs, on the other hand, allege that the employees are "capable of doing the work" because all of them were capable before their terminations and that they are still capable of doing that work. They all had positive performance reviews, and none of them was on a PIP. However, GM states that the SPE work *has* changed since these employees worked there. Plaintiffs have

3

provided no evidence of what work is now done by the subgroups in SPE in order to survive GM's summary judgment motion.

As for the two employees who signed severance agreements, the "Release Agreements" provided that the payment received by Powell and Schlaf "constitutes a full and final settlement," and they disclaimed and waived "any right to any additional payment, award or relief" if any claim relating to their employment be subsequently filed by them "or any other person or agency." The fact that these agreements were signed at the time of their separation–and especially because each of them received thousands of dollars in consideration for these waivers–forecloses any claim regarding their failure to be recalled. The recall can happen only in light of their terminations; they cannot have one without the other.

## **ORDER**

It is hereby **ORDERED** that Plaintiffs' motion for summary judgment is **DENIED.**

It is further **ORDERED** that Defendant's motion for summary judgment is **GRANTED.**

                                              s/John Corbett O'Meara
                                              United States District Judge

Date: September 25, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 25, 2012, using the ECF system.

                                              s/William Barkholz
                                              Case Manager