UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE, AND
AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA (UAW), AND ITS LOCAL
1869,

       Plaintiffs,

v.

GENERAL MOTORS, LLC,

       Defendant.

Case No. 2:10-cv-14899

HONORABLE STEPHEN J. MURPHY, III

_____/

**ORDER DENYING PLAINTIFFS' MOTION
IN LIMINE** (document no. 82) **AND DENYING IN PART
AND GRANTING IN PART DEFENDANT'S MOTION IN LIMINE** (document no. 83)

Plaintiffs UAW and its Local 1869 filed a complaint alleging that Defendant General Motors violated a Collective Bargaining Agreement. Compl., ECF No. 1. According to the complaint, GM breached seniority provisions of the Agreement by discharging three employees and then refusing to recall them at a later date. *Id.* Both parties have filed motions in limine in advance of trial. *See* Mots., ECF Nos. 82, 83. For the reasons stated below, the Court will deny UAW's motion and will grant in part and deny in part GM's motion.

**BACKGROUND**

Gerald Bosman, Linda Chapman, and Ovidiu Kowalski worked for GM in the Surface Product Engineering (SPE) unit. Mot., ECF No. 82. In September 2009, GM ended the employment of the Plaintiffs. *Id.* From April 2010 to December 2010, GM hired new employees into the SPE unit. *Id.* UAW asserts that GM violated the Agreement by terminating Bosman, Chapman, and Kowalski since they were senior to other employees

in the SPE unit. *Id.* UAW also alleges that GM's failure to recall Bosman, Chapman, and Kowalski during re-hiring violated the Agreement. *Id.* In preparation for upcoming trial of the factual issues in the case, each party has filed a motion in limine asking the Court to exclude certain categories of evidence.

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Motions in limine may promote "evenhanded and expeditious management of trials by excluding evidence that is clearly inadmissible for any purpose." *Indiana Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A court, however, should "rarely" grant motions in limine that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). The "better practice is to deal with questions of admissibility of evidence as they arise." *Id.*

The Federal Rules of Evidence provide that "[r]elevant evidence is admissible." Fed. R. Evid. 402. Relevant evidence is defined as evidence having "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. The rule erects a "low bar" for the offering party to overcome. *United States v. Mackey*, 249 F. App'x 420, 426 (6th Cir. 2008). Rulings on the relevance of evidence are entrusted to the discretion of the trial judge. *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 516 (6th Cir. 1998) (quotations omitted).

The Rules also provide for the exclusion of relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court has "broad discretion in balancing probative value against potential prejudicial impact." *United States v. Feinman*, 930 F.2d 495, 499 (6th Cir. 1991). In addition, the Court "must look at the evidence in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (quotations omitted).

## DISCUSSION

### I.   UAW's Motion in Limine

UAW argues that the Court should bar admission of evidence related to GM's 2009 bankruptcy, and information related to work performed in the SPE unit after January 2011. Mot., ECF No. 82.

#### A.   GM's 2009 Bankruptcy

UAW contends that information regarding the facts and events surrounding GM's 2009 bankruptcy have no relevance to the questions of fact that will be presented to the jury. *Id.* at 2. Additionally, UAW submits that admission of information related to GM's finances in 2009 would incite the jury's emotions and constitute unfair prejudice. *Id.* at 4.

The Court disagrees. Relevance is a "low bar" and the state of GM's finances when it terminated Bosman, Chapman, and Kowalski clears the hurdle. Specifically, GM's bankruptcy and financial health in 2009 provides a contextual backdrop in which to place GM's decision to lay-off the employees. And the financial data tends to make more likely

3

GM's argument that it discharged the "novice-level" workers due to a reorganization that entailed changing job responsibilities in the SPE unit, which GM says the Plaintiffs were not capable of performing.

Also, GM has offered an assurance that it will use discretion to present the financial context to assist the finder of fact, not to dwell on the financial crisis or create a risk of unfair prejudice. *See* Resp. 2, ECF No. 87. As a result, the Court will deny without prejudice UAW's motion to bar admission of GM's financial condition in 2009.

B.      Work Performed In SPE After January 2011

Next, UAW argues that the Rules of Evidence bar GM from introducing evidence related to the volume, scope or complexity of SPE work performed after January 2011. Mot. 4–5, ECF No. 82. Since GM had filled the vacant positions by December 2010, UAW concludes that evidence about whether Bosman, Chapman and Kowalski were capable of performing the work in SPE after January 2011 has no relevance. *Id.*

Under the terms of the Agreement, GM had no duty to re-hire if the discharged employees  were not capable of performing the work. Therefore, whether the three were capable of performing the work is relevant to whether GM had a duty to rehire. To the extent UAW is arguing that GM had a duty to re-hire only until January 2011 (i.e. when the vacant positions had been filled with new hires), the Court agrees that any information regarding changes to the work performed in SPE is not relevant.

But to the extent that UAW claims that GM had a duty to re-hire Bosman, Chapman and Kowalski in January 2011 and afterwards, information regarding changes in the SPE unit are certainly relevant to show whether or not the Plaintiffs were capable of doing the

4

work. Therefore, if UAW advances an argument at trial that GM had a continuing duty to re-hire Bosman, Chapman, and Kowalski after January 2011, then information about changes to the work performed in SPE after January 2011 is relevant and may be admitted.

II. GM's Motion in Limine

GM argues for the exclusion of evidence related to emotional distress, promotion and compensation of Bosman, Chapman and Kowalski prior to 2009, and the placement of new hires into SPE Subgroup B. Mot., ECF No. 83.

A. Emotional Distress

GM contends that, under Rule 403, UAW may not admit evidence regarding any emotional distress suffered by Bosman, Chapman, and Kowalski caused by their termination. Mot. 2, ECF No. 83. UAW is not seeking to recover damages for emotional distress. Resp., ECF No. 86. And as a result, the Court agrees that information regarding Plaintiffs' emotional harm as a result of the employment termination would inject a collateral issue into the trial, would create a risk of unfair prejudice, and would bear no relation to the question of fact posed to the jury. Accordingly, the Court will grant GM's request to bar UAW from introducing information related to any emotional harm suffered by Bosman, Chapman and Kowalski.

B. Promotion and Compensation of Plaintiffs Prior to 2009

Next, GM argues that the Federal Rules of Evidence bar UAW from introducing as evidence any information related to Plaintiffs' past promotion or merit treatment. Mot. 3, ECF No. 83. UAW sharply disputes this point, and argues that presenting information regarding Plaintiffs' prior work performance is essential to show that Plaintiffs were capable of performing the work when they were terminated. Resp. 1–6, ECF No. 86.

5

Information regarding Plaintiffs' merit pay and promotions would be highly probative to establish the capabilities of the employees. For example, evidence regarding Plaintiffs' classification in the SPE Career Progression Chart, whether the Plaintiffs received merit pay to reward excellent performance, and whether Plaintiffs were enrolled in a Performance Improvement Plan as workplace remediation is relevant to determine what sort of work they were capable of performing. As a result, the Court will deny GM's request to bar the admission of Bosman's, Chapman's and Kowalski's performance prior to 2009 into evidence.

C. Placement of New Hires into Subgroup B

Lastly, GM argues that UAW should not be allowed the argue that employees hired to fill the vacancies left behind by Plaintiffs were placed into Subgroup B rather than Subgroup C. Mot. 4, ECF No. 83.

The contested evidence shows that GM placed new hires in a different Subgroup than required by the Agreement. As a result, the evidence tends to make more likely UAW's argument that GM sought to avoid the appearance that the new hires filled the positions vacated by Bosman, Chapman and Kowalski. The information is therefore relevant to show whether the new employees actually did fill the vacancies left by Bosman, Chapman and Kowalski. The Court will deny without prejudice GM's request to bar UAW from offering as evidence the assignment of new hires into SPE Subgroup B.

**CONCLUSION**

UAW's motion to bar admission of GM's 2009 bankruptcy and the changes to the SPE work requirements after January 2011 will be denied without prejudice. GM's motion will

6

be granted to the extent is seeks to bar evidence related to Plaintiffs' emotional distress,

and denied without prejudice to the extent it seeks to bar evidence related to the Plaintiffs'

work performance prior to September 2009 and the placement of new hires into Subgroup

B. At trial, the parties may renew the motions in light of specific evidence offered.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Plaintiffs' Motion in Limine (document

no. 82) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (document no. 83) is

**GRANTED** in part and **DENIED WITHOUT PREJUDICE** in part.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 27, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on October 27, 2016, by electronic and/or ordinary mail.

s/David Parker
Case Manager