UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), AND ITS LOCAL 1869,

    Plaintiffs,

v.

GENERAL MOTORS LLC,

    Defendant.

                                          /

Case No. 2:10-cv-14899

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT'S RENEWED MOTION
FOR JUDGMENT AS A MATTER OF LAW OR A NEW TRIAL [98]**

Plaintiffs United Auto Workers and its Local 1869 ("UAW") filed a complaint alleging that Defendant General Motors LLC ("GM") violated a Collective Bargaining Agreement. The case went to trial and the jury returned a verdict for UAW. GM now moves the Court to enter judgment as a matter of law in GM's favor, or to order a new trial. For the reasons stated below, the Court will deny the motion.

**BACKGROUND**

Gerald Bosman, Linda Chapman, and Ovidiu Kowalski worked for GM in the Surface Product Engineering (SPE) unit. *See* ECF 93. In September 2009, GM laid off Bosman, Chapman, and Kowalski. *Id.* In 2010 and 2011, GM hired new employees into the SPE unit. *Id.* UAW filed suit against GM on behalf of Bosman, Chapman, and Kowalski. According to the complaint, GM breached seniority provisions of the 2007 Local Agreement by discharging the three employees and by refusing to recall them at a later date. ECF 11.

The case was assigned to Judge O'Meara, who granted summary judgment for GM.

UAW appealed. The Sixth Circuit reversed and remanded for the trial court to resolve two questions of fact: (1) whether Bosman, Chapman, and Kowalski were capable of performing the work when laid off; and (2) whether Bosman, Chapman, and Kowalski were capable of performing the work—and thus had a right to be recalled—when GM hired new employees into the SPE unit. *Int'l Union, UAW v. Gen. Motors LLC*, 529 F. App'x 760, 764–65 (6th Cir. 2013).

Following the remand, Judge O'Meara granted UAW's motion for a jury trial over GM's objection and transferred the case. The Court held a trial by jury, which returned a verdict for UAW. ECF 95. GM's renewed motion for judgment as a matter of law, or a new trial, followed.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 50(b), a party may file a renewed motion for judgment as a matter of law, or a new trial, after entry of judgment. A court may grant a motion for judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to find" for a party on any issue. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (quotations omitted). When reviewing a Rule 50 motion, the Court construes the evidence "in the light most favorable to the non-moving party." *Id.*

Under Rule 59, a court may grant a motion for a new trial if "the verdict is clearly against the weight of the evidence." *Id.* To evaluate the motion, the court "must compare the opposing proofs, weigh the evidence, and set aside the verdict" only if it is unreasonable. *J.C. Wyckoff & Assocs. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991). But "the court is not to set aside the verdict simply because it believes another outcome is more justified." *Denhof*, 494 F.3d at 543.

**DISCUSSION**

At trial, the Court submitted two questions of fact to the jury: (1) Did GM violate the 2007 Local Agreement when it laid off Bosman, Chapman, and Kowalski?; and (2) Did GM violate the 2007 Local Agreement when it did not recall Bosman, Chapman, and Kowalski to the open positions in the SPE in 2010 and 2011? *See* ECF 95. The jury answered "yes" to both questions. GM argues that UAW failed to provide sufficient evidence on both questions and that the jury's verdict was against the clear weight of the evidence.

I.  The 2009 Lay-Offs

At trial, UAW presented a variety of evidence to show that the former employees were capable of doing the work in the SPE unit at the time they were laid off. GM management had authored most of the evidence introduced by the UAW. For example, GM management classified Bosman and Chapman as "Level 7" senior designers with "expert" design skill sets, and Kowalski as a "Level 6" designer with "proficient" design skill sets. Pl. Trial Exh. 5; ECF 105, PgID 2201–02. GM management awarded all three former employees merit pay increases. Pl. Trial Exh. 8; ECF 105, PgID 2203. Additionally, GM provided full "enhanced variable pay" bonuses to each former employee each time the bonuses were offered. Pl. Trial Exh. 8, 12; ECF 105, PgID 2277–79. GM supervisors wrote performance reviews of Bosman, Chapman, and Kowalski; each review stated that the former employees had achieved their performance objectives. Pl. Trial Exh. 16–17, 19–23. GM never enrolled any of the three former employees in the "performance improvement plan," a program designed for employees with performance deficiencies. ECF 104, PgID 2013 (Bosman's testimony), *id.* at 2058 (Chapman's testimony), *id.* at 2087–88 (Kowalski's testimony); ECF 105, PgID 2209 (GM supervisor Debbie Lystad's testimony). In addition,

Lystad testified that Bosman, Chapman, and Kowalski performed their jobs well, and had never been considered incapable of performing their jobs prior to being laid off. ECF 105, PgID 2157, 2138–39. And when the former employees were informed of their layoffs, GM managers told them it was not related to their work performance. ECF 104, PgID 2028, 2074, 2099.

GM contends that the testimony of the employees themselves regarding their skill sets is generally not entitled to any weight. ECF 98, PgID 1772 (citing *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1116 (6th Cir. 2001)). Instead, GM argues, the opinion of the pertinent decision maker—Lystad—controls the assessment of an employee's capabilities. *Id.* (citing *Shapira v. Lockheed Martin Corp.*, 88 F. Supp. 2d 813, 829 (E.D. Tenn. 1998), *aff'd*, 201 F.3d 441 (6th Cir. 1999)). GM's argument is well taken, but unavailing. UAW's evidence regarding the former employee's capabilities originated from GM management, not from the employees. In essence, UAW argued to the jury that GM leadership had assessed Bosman, Chapman, and Kowalski as capable employees based on the Level 7 and Level 6 classifications, merit pay increases, enhanced variable pay disbursements, and positive performance reviews.

UAW produced legally sufficient evidence to establish that Bosman, Chapman, and Kowalski were capable of doing the work when they were laid off in September 2009. And the jury's verdict for UAW was not clearly against the weight of the evidence.

II. The 2010 and 2011 Re-Hiring

In its motion and reply, GM focuses on UAW's evidence relating to the second question of fact posed to the jury: whether Bosman, Chapman, and Kowalski were capable

4

of doing the work in 2010 and 2011—when GM began re-hiring into the SPE unit. GM submits that UAW only offered a brief statement from former SPE employee Steve Champion regarding this question of fact and thus failed to present sufficient evidence. Champion testified that—from September 2009 until 2012—"[t]he work never changed" in the SPE unit. ECF 104, PgID 2045–47. He further clarified, however, that "the volume" of work in the SPE increased after the former employees were laid off. *Id.*

In contrast, GM points to the detailed testimony of Lystad, who discussed at length the post-2009 work in SPE. She told the jury that Bosman, Chapman, and Kowalski could not do the work post-2009 because they were novices and the SPE had eliminated novice-level positions in SPE. ECF 104, PgID 2138. GM supported their position by showing the jury a Strengthening Technical Excellence (STE) matrix—an employee classification chart—that listed Bosman, Chapman, and Kowalski as novices. *Id.*

But UAW offered contradictory evidence. For example, UAW presented testimony to show that the STE matrices were unrelated to employee performance and that former employees were unfamiliar with the STE matrices. ECF 104, PgID 2049 (Champion), 2039 (Bosman), 2073–74 (Chapman), 2088 (Kowalski). UAW elicited testimony from Lystad stating that the STE matrix existed to train and develop employees. ECF 105, PgID 2212. UAW submitted the 2007 Agreement as evidence, and it did not include novice classifications or any reference to the STE matrix. Pl. Trial Exh. 2.

Also, UAW directly challenged GM's evidence that the only positions remaining in SPE after 2009 were proficient and expert-level positions. UAW offered evidence showing that GM hired novice-level employees, like Eric Meister, in 2010 and 2011 which apparently served to undermine Lystad's claim that the work had changed and no novice positions

5

existed in SPE post-2009. ECF 105, PgID 2215. Also, UAW presented evidence that GM intended to bypass the former employees' recall rights by placing new hires into overtime subgroup "B" instead of "C," as required by the 2007 Agreement. *Id.* at 2222. GM argues that the Court erred by refusing to admit the 2013 Local Agreement as evidence, which eliminated overtime subgroup C. The Court disagrees. The 2013 Agreement did not govern—or exist—in 2010 and 2011 and is, in the Court's judgment, irrelevant.

And the Court cannot discount longtime SPE employee Champion's testimony based on brevity alone. Although Champion's testimony was concise and direct, the jury might have credited his testimony over Lystad's for exactly that reason. Also, the jury heard Lystad express some uncertainty about whether the work changed in SPE post-2009. ECF 104, PgID 2139.

UAW presented sufficient evidence to meet its burden and to support the jury's verdict. The Court cannot say that the jury reached a verdict against the clear weight of the evidence "simply because different inferences and conclusions could have been drawn or because other results are more reasonable." *Wyckoff*, 936 F.2d at 1487. As a result, the Court will deny GM's motion for judgment as a matter of law or a new trial.

III. The Jury Trial

GM also argues that Judge O'Meara erred by granting UAW's untimely motion for a jury trial. GM contends that the prior court abused its discretion by granting the motion three years after discovery had closed.

At the outset, GM's cites inapposite authorities. For instance, *Perez v. Cathedral Buffet, Inc.*, No. 5:15CV1577, 2016 WL 4468111, at *1 (N.D. Ohio Aug. 24, 2016), like the other cases cited by GM, shows a district court exercising its discretion to deny a motion

6

for a jury trial. But neither *Perez* nor any other case cited by GM shows that a district court abused its discretion by granting an untimely motion for a jury trial.

Nevertheless, GM contends that a new trial is warranted because Judge O'Meara's decision to grant the jury trial caused prejudice. GM argues that it had conducted a bench-trial litigation strategy during discovery: abbreviated depositions, a limited witness list, and no written statements from the employees. And GM notes that when the prior court granted UAW's motion for a jury trial, discovery had been closed for nearly three years.

But UAW argues that GM did not seek to re-open discovery to prevent the alleged prejudice. GM avers that a motion to re-open discovery would not have been well received by the prior court. GM may very well be correct, but the Court finds the argument unpersuasive. If GM expected to suffer prejudice from a jury trial because it pursued a bench-trial discovery strategy, it should have moved to re-open discovery after the prior court granted the jury-trial motion. But GM did not move to re-open discovery, re-depose witnesses, amend its witness list, seek written statements from the former employees, or add expert witnesses. Also, after the case was transferred, GM had an opportunity to move to re-open discovery before a judicial officer who might have received the motion differently. But GM did not seek to re-open discovery with the transferee Court either.

Judge O'Meara's decision may have prejudiced GM. But having received no challenge to the previous ruling and no request to re-open discovery, the Court can ascertain no grounds to warrant a new trial.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that GM's Renewed Motion for Judgment [98]

is **DENIED WITH PREJUDICE**.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 20, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 20, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager