UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA (UAW), and its
LOCAL 1869,

Case No. 2:10-cv-14899

HONORABLE STEPHEN J. MURPHY, III

      Plaintiffs,

v.

GENERAL MOTORS LLC,

      Defendant.
                                       /

## **OPINION AND ORDER GRANTING FRONT PAY DAMAGES**

A jury found Defendant liable under a collective bargaining agreement for laying off and failing to recall three former employees: Gerald Bosman, Linda Chapman, and Ovidiu Kowalski. ECF 95. The jury was not charged with determining damages because the parties agreed to leave the issue of damages to the Court. ECF 108, PgID 2354–57. The parties ultimately stipulated to damages for lost wages, benefits, and overtime. ECF 120. The Plaintiffs additionally requested reinstatement, which the Court denied. *Id.* Plaintiffs sought front pay as an alternative. *Id.* The Court referred the issue of front pay to mediation, but the parties did not reach an agreement.[1] ECF 122; ECF 123. The Court will now address whether front pay is an appropriate remedy, and if so, what is the proper amount.[2]

---

[1] The Court also ordered mediation prior to trial, but the parties were not able to reach an agreement. It appears the parties simply cannot agree as to the amount of lost wages to which the employees were entitled and the Court must therefore decide the issue.

[2] Plaintiffs only seek front pay for Bosman and Kowalski at this time. ECF 124, PgID 2532.

**LEGAL STANDARD**

When an employer breaches a collective bargaining agreement, the Court's primary goal is to make the injured employee whole. *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 756 (6th Cir. 1996). The Court has broad discretion to achieve the goal. *Id.* Front pay is an available remedy when, as here, reinstatement is inappropriate or infeasible. *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir. 1996). Any award is not mandatory, but rather, is left to the discretion of the Court. *Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2003); *Wilson*, 83 F.3d at 756; *Suggs*, 72 F.3d at 1237.

When front pay is an appropriate remedy, the Court must make an award that is reasonably specific as to duration and amount. *Suggs*, 72 F.3d at 1235. The following factors are relevant: (1) the employee's future in the position from which he was terminated; (2) the employee's work and life expectancy; (3) the employee's obligation to mitigate damages; (4) the availability of comparable employment opportunities and the time reasonably required to find substitute employment; (5) the present value of future damages; and (6) other factors that are pertinent in prospective damage awards. *Id.* at 1234.

**DISCUSSION**

I. <u>Front Pay is an Appropriate Remedy</u>

Front pay is an appropriate remedy here. The Court is bound by the jury's determination that Defendant breached the collective bargaining agreement. ECF 95. The Court therefore must put Bosman and Kowalski in the positions they would be in absent the breach. Bosman and Kowalski have found new jobs, but they receive less compensation. ECF 104, PgID 2029, 2079–80; ECF 124-9; ECF 124-10. Employees work to earn wages.

And to be made whole, Bosman and Kowalski must be awarded their lost income for each year that they would have worked for Defendant absent the breach.

After observing the trial and examining the record, the Court finds that Bosman and Kowalski would have worked for Defendant until retirement. Defendant has a demand for these workers; the record shows that Defendant hired workers in Bosman's and Kowalski's department since the layoff at issue here. ECF 105, PgID 2222, 2225–26. And Bosman and Kowalski are capable of filling the demand. Although they were not the most technically competent employees, they were good, hardworking men that arrived on time and did as they were told. Those facts are evident from their continuous employment of 10 years with no disciplinary issues. ECF 104, PgID 2005, 2084; ECF 105, PgID 2207. Moreover, a seniority list shows that an employee working in Bosman's and Kowalski's former department usually works until retirement. ECF 124-8.

Given a factual finding that Bosman and Kowalski would have worked for Defendant until retirement, front pay is appropriate and necessary to make them whole.

II. Amount of Front Pay

A. Dr. Michael Thomson's Report

Plaintiffs request $589,178.00 in front pay for Bosman and $475,806.00 for Kowalski. Plaintiffs submitted an expert report from Dr. Michael Thomson in support of the request.[3] ECF 124-2. Defendant did not rebut the report or provide alternative calculations, so the

---

[3] There is a discrepancy between the Plaintiffs' request and Dr. Thomson's report. Plaintiffs request $475,806.00 in front pay for Kowalski. ECF 124, PgID 2539. Dr. Thomson's report calculates Kowalski's lost future earnings as $520,166.00. ECF 124-2, PgID 2545. The numbers are not similar enough to suggest a typographical error, and the Court will therefore defer to the Plaintiffs' request. Despite the discrepancy, the request is justified because it is lower than Dr. Thomson's finding.

3

Court adopts Dr. Thomson's projections. Dr. Thomson is a qualified expert with a Ph.D. in economics from Michigan State University. ECF 124-3, PgID 2546. Plaintiffs assert that Dr. Thomson first determined the difference between the wages Bosman and Kowalski earned in 2016 working for their current employers relative to what they would have earned working for Defendant. He then extended the wage loss until the time Bosman and Kowalski would be eligible for full Social Security benefits. When calculating his extension, Dr. Thomson applied a 4% adjustment for growth and inflation based on the price assumptions in the 2016 Annual Report of the Board of Trustees of the Federal Old Age and Survivors Insurance and Federal Disability Insurance Trust Funds. ECF 124-4, PgID 2559. Finally, Dr. Thomson reduced the amounts to present value using the calculation provided in Mich. Comp. Laws § 600.6306(2).

B. *Suggs* Factors

Moreover, the Plaintiffs' request is supported by the *Suggs* factors. Defendant only challenges the first factor, but the Court will address each factor in turn.

1. Employees' Future in the Position

For the same reasons that front pay is appropriate here, the Court finds that, absent Defendant's breach, Bosman and Kowalski would have worked for Defendant until retirement. Defendant asserts that Bosman and Kowalski's novice skill level combined with changes in their former department after the layoff suggests that the men would not have maintained employment with Defendant until retirement. Rather, they would have been released during the back pay period: somewhere between 2009 and 2016. But Defendant stipulated to back pay for the relevant period and its assertion that Bosman and Kowalski would have been terminated during the period is not adequately supported by the record.

Indeed, the record shows that Defendant had demand for labor—it added a number of positions in Bosman and Kowalski's department after the layoff at issue—and that Bosman and Kowalski could fill that demand since both men worked for Defendant more than a decade without any disciplinary issues. ECF 104, PgID 2005, 2084; ECF 105, PgID 2207, 2222, 2225–26. The department has changed during the eight years since the layoff, but Bosman and Kowalski were wrongfully denied the opportunity to change with the department during that time. The Court will not speculate as to whether they would have been up to the new challenges the changing department demanded.

### 2. Employees' Work and Life Expectancy

Bosman is 58 years old and Kowalski is 53 years old. ECF 124-9; ECF 124-10. Both are healthy and do not have any serious illnesses. *Id.* Their former positions with Defendant are performed in an office setting, so workplace injures are unlikely. *Id.* The Court finds that Bosman and Kowalski would have been physically able to work for Defendant until retirement.

### 3. Obligation to Mitigate Damages

In the midst of a "Great Recession," which significantly affected the automobile industry, Bosman and Kowalski found jobs as contractors in the same field as their positions with Defendant. ECF 104, PgID 2029, 2084; ECF 124-9; ECF 124-10. The Court finds that both men met their obligation to mitigate damages.

### 4. Availability of Comparable Employment

Bosman and Kowalski's work is not prevalent. It is limited to auto manufacturers that design their own vehicles. ECF 124-9; ECF 124-10. Both men were middle-aged when Defendant wrongfully terminated them, making their job search more difficult. *Id.* The Court finds that the availability of comparable employment, or lack thereof, cuts in favor of Plaintiffs' request.

### 5. Present Value of Future Damages

As previously discussed, Plaintiffs assert that Dr. Thomson's projections included a present value adjustment that employs the calculation provided in Mich. Comp. Laws § 600.6306(2).

### 6. Other Factors

One additional factor supports the Plaintiffs' request: Bosman and Kowalski now work as contractors for Defendant performing similar tasks while earning less compensation. ECF 104, PgID 2029, 2079–80; ECF 124-9; ECF 124-10. Allowing Defendant to circumvent the collective bargaining agreement in this way could create a perverse incentive in employment relations.

For all these reasons, the Court finds that front pay is an appropriate remedy, and grants Plaintiffs' request that Bosman receive $589,178.00 and Kowalski receive $475,806.00.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Gerald Bosman is awarded $589,178.00 in front pay damages.

**IT IS FURTHER ORDERED** that Ovidiu Kowalski is awarded $475,806.00 in front pay damages.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: August 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager